FILED

JUN - 7 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Gloria Sun Jung Yun, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-1194 (UNA) |
| | ) |
| City of Stroudsburg *et. al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). A complaint "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor

1

concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint fits the bill.

Plaintiff resides in East Stroudsburg, Pennsylvania. The complaint captioned "Civil and Criminal Complaint for Injury, Judgment, and Injunctive Relief" is difficult to follow. At most, plaintiff seeks to make a federal case out of an unpaid ticket issued by the City of Stroudsburg for a parking violation, which the Parking Bureau "refused to dismiss," Compl. ¶¶ 9-12, and for which plaintiff may have faced local prosecution. *See id.* at 6 ¶ 1 ("A travel issue was litigated in 2013 federal district court of Middle District of Pennsylvania handle[d] by [defendant U.S. Attorney Karoline] Mehalchick."); *cf. Pennsylvania v. Gloria Sun Jung Yun*, No. 3:18-MC-00066, 2018 WL 1178546, at **1, 3 (M.D. Pa. Feb. 13, 2018), *report and recommendation adopted sub nom. Pennsylvania v. Sun Jung Yun*, No. 3:18-MC-00066, 2018 WL 1175224 (M.D. Pa. Mar. 6, 2018) (noting that "[t]he defendant, Gloria Sun Jung Yun, is awaiting disposition of summary proceedings before a state magisterial district judge in the matter of *Commonwealth v. Yun*, Docket No. MJ-43201-TR-0000283-2018 (Monroe Cty. Magis. Dist. Ct.)," and remanding case upon determining that Yun had satisfied "none of the substantive criteria for removal of a criminal prosecution").

The instant complaint does not contain a cogent statement of facts showing plaintiff's entitlement to relief and the grounds upon which this court's jurisdiction rests. Apart from those pleading defects, plaintiff has established no basis for pursuing her purported criminal claims as an "acting private attorney general." Compl. at 3. For "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of

another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Moreover, the federal criminal code generally confers no private right of action, *see, e.g.*, *Crosby v. Catret*, 308 Fed. App'x 453 (D.C. Cir. 2009) (per curiam) ("there is no private right of action under" 18 U.S.C. §§ 241 and 242), and "[t]he Supreme Court has 'rarely implied a private right of action under a criminal statute,' " let alone from "a bare criminal statute with no other statutory basis for inferring that a civil cause of action exists," *Lee v. United States Agency for Int'l Dev.*, 859 F.3d 74, 77 (D.C. Cir. 2017) (quoting *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (other citation and internal quotation marks omitted)). Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: June 7, 2018

United States District Judge
J. Boasberg